## WARD and others vs. PRICE.

1. ARREST OF JUDGMENT. — The plaintiff's declaration will be held sufficient after verdict, if it is good in substance.
2. FORMER RECOVERY — PAROL EVIDENCE. — Parol evidence is admissible to show that items contained in the defendant's notice of set-off, are the same contained in a bill of particulars filed by him as plaintiff in a former action between the same parties, and that the same were adjudicated in that action.

ERROR to the District Court for *Grant* County.
The case is stated in the opinion of the court.
*F. J. Dunn*, for plaintiffs in error.
*Moses M. Strong*, for defendant in error.

IRVIN, J. This cause came up on error to the judgment of the district court of Grant county, at the September term thereof, for the year 1838. In this case the assignment of error is of the general insufficiency of the declaration ; but, upon examination, it is proved to be substantially correct, which, after verdict, is sufficient. Upon further examination of the case, however, it appears that a bill of exceptions, taken and filed, to the opinion of the court below, present two distinct points of error, and which were relied on in the argument of the counsel for the plaintiffs in error. That part of the bill of exceptions which presents the first point of error is in the following words, viz. : "Be it remembered that on the trial of this case, and after the plaintiff had closed his evidence, he having proved that if there was any indebtedness on the part of the defendants, or either, it was a joint indebtedness on the part of the defendants, as copartners ; the defendant, *Garret V. Denniston*, by his counsel, moved the court to instruct the jury to find for the defendants, as of a nonsuit, on the ground that only one of the defendants, viz., *Garret V. Denniston*, had been served with process ; but the court refused so to instruct, and would not order a nonsuit."

There is no objection that all of the copartners were not sued, but that process, issued against all, has been served on one only. If it were an objection at common law to take judgment against that one, it was none under the statutes of the Territory, which, by the 7th and 8th sections, page 348, of the Laws of Michigan, Revision of 1833, make provision for taking judgment against one or more of several defendants on whom process may have been served. By that law, when the sheriff returned the process as served on some, and not found as to others, the plaintiff, by suggesting such return in his declaration, could proceed to judgment against those on whom service had been made; and the only inquiry here is, did the plaintiff bring himself, by his declaration, within those provisions? It is true that he did not, in his declaration, make such suggestion; but that difficulty is removed by the rules of practice in that court, which were, among other things, that the plaintiff might file his declaration with the precipe, if he chose so to do, and thereupon rule the defendants to plead on a day certain; and when the declaration was thus filed, and the sheriff, or other officer, made return of service as to part, and not found as to others of the defendants, the suggestion was considered as sufficiently made to authorize a proceeding to judgment against those thus in court. This is stated by one of the members of the court to have been the rule of practice there, and by others to have been the rule in other districts. The court then did not err in refusing the instructions asked for, and therefore that part of the exceptions is overruled.

The exceptions proceed : " Whereupon the defendant, having filed a notice of offset, offered to prove the several items contained in their bill of particulars accompanying their notice of set-off; but the counsel for the plaintiff offered to prove, by witnesses in court, that the items contained in the defendants' bill of particulars were the same items that were contained in a bill of particulars

filed by the said *John Ward, Arthur Bronson, Isaac Bronson, Lucius Lyon,* and *Garret V. Denniston,* in a suit tried at a previous day of this term in their favor, against the said *Glendower M. Price.* The counsel for the defendant objected to such proof, but it was admitted by the court, and the court decided upon that proof so admitted, that the defendant could not offer evidence to the jury under his said bill of particulars," etc.

If this bill of particulars had, in a previous suit between the same parties, been adjudicated upon, and entered into the consideration of the jury, then it would have been highly improper to have made it a part of a subsequent suit; and, if attempted by the defendant, it would have been competent for the plaintiff to have shown, by witnesses or otherwise, that it so formed a part of a previous suit, and was submitted to the jury, and, upon showing that fact, to have had it rejected; and we are bound here to infer that because the plaintiffs did offer to prove as it is stated, by witnesses, that the items were the same that formed the bill of particulars in a previous suit of that term of the court, and the counsel for defendant objected to such proof, but the court did admit it, and the court, after it was admitted, decided that the defendant could not offer to the jury that bill of particulars; we say, that the court are bound to infer that it had formed a part of the previous suit, and was adjudicated upon, and was therefore correctly rejected by the district court. That part of the objection is also overruled. It is therefore considered and adjudged by the court, that the judgment of the said district court be affirmed, with costs, and interest thereon at the rate of seven per centum per annum, and that the same be certified to said district court, that it may carry the same into execution,